Filed
1/30/2017 11:31:23 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

2017CCV-60210-1

CAUSE NO._____

| | | |
|---|---|---|
| ROBIN MCCULLOUGH and<br>SYDNEY MCCULLOUGH | § § § § | IN THE COUNTY COURT |
| VS. | § § § | AT LAW NUMBER\_\_\_\_\_ |
| OLD DOMINION FREIGHT LINE, INC. and<br>GLENN DAVIS MITCHELL | § § § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Robin McCullough and Sydney McCullough, hereinafter referred to as Plaintiffs, complaining of Old Dominion Freight Line, Inc. and Glenn Davis Mitchell (hereinafter collectively referred to as Defendants), and would respectfully show to the Court as follows:

### I.   DISCOVERY TRACK

1.1   Plaintiffs aver that this lawsuit should be conducted under a Level 3 Discovery Control Plan due to the nature of the case, the magnitude of the damages involved, and the number of parties and witnesses involved.

### II.   THE PLAINTIFFS

2.1   Plaintiff Robin McCullough is an individual residing in Odessa, Texas.

2.2   Plaintiff Sydney McCullough is an individual residing in Odessa, Texas.

### III.   THE DEFENDANTS

3.1   Defendant Old Dominion Freight Line, Inc. ("Old Dominion") is a North Carolina Corporation with its principal place of business in North Carolina. Old Dominion is duly authorized to do business in the State of Texas, maintains its principal office in Texas at 4834 Santa Elena, Corpus Christi, Texas 78405 and may be served with process by serving its registered agent, C T Corporation System,

1999 Bryan Street, Suite 900, Dallas, Texas 75201. **SERVICE OF PROCESS IS REQUESTED AT THIS TIME.**

3.2     Defendant Glenn Davis Mitchell ("Mitchell") is a resident of the State of North Carolina and may be served with process at his residence address, 810 Lawndale Dr., Apt. 201A, Reidsville, North Carolina, 27320 or wherever he may be found. **SERVICE OF PROCESS IS REQUESTED AT THIS TIME.**

### IV.     JURISDICTIONAL FACTS

4.1     Old Dominion operates over 6,400 tractors and 19,400 trailers, thousands of which travel to, from, and in Texas on a daily basis.

4.2     Old Dominion owns, operates, and leases numerous distribution hubs in Texas.

4.3     Old Dominion owns, operates, and leases numerous service centers in Texas.

4.4     Old Dominion owns, operates, and leases numerous warehouses in Texas.

4.5     Old Dominion owns, operates, and leases numerous repair centers in Texas where hundreds of Old Dominion tractors and trailers are repaired.

4.6     Old Dominion targets investors in Texas.

4.7     Old Dominion targets businesses in Texas.

4.8     Old Dominion targets potential employees in Texas. These include, but are not limited to, managers, drivers, warehouse workers, dispatchers, clerks, accountants, lawyers, mechanics, inspectors, safety directors, officers, receptionists, financial advisors, insurance companies, forklift operators, sanitation engineers, purchasing agents, leasing agents, human resources specialists, and other employees who are integral to Old Dominion's operations in the State of Texas.

4.9     Old Dominion hires employees in Texas. These include but are not limited to the positions mentioned in 4.8.

4.10    Old Dominion fires employees in Texas. These include, but are not limited to, the positions mentioned in 4.8.

4.11 Old Dominion currently has employees in Texas. These include, but are not limited to, the positions mentioned in 4.8.

4.12 Old Dominion repairs its trucks and trailers in Texas.

4.13 Old Dominion purchases trucks and trailers in Texas.

4.14 Old Dominion signs contracts with Texas businesses.

4.15 Old Dominion markets to Texas businesses.

4.16 Old Dominion sends advertisements to Texas businesses.

4.17 Old Dominion pays taxes in Texas.

4.18 Old Dominion is registered to do business in Texas.

4.19 Old Dominion ships products to Texas.

4.20 Old Dominion ships products from Texas.

4.21 Old Dominion stores its customers' products in Texas.

4.22 Old Dominion keeps several of its trucks and trailers in Texas.

4.23 Old Dominion owns property in Texas.

4.24 Old Dominion markets its services to Texas businesses.

4.25 Old Dominion derives substantial revenue from Texas.

4.26 Old Dominion has a significant number of investors in Texas.

4.27 Old Dominion places trucks and trailers into the stream of commerce with the intent to reach the Texas market.

4.28 Old Dominion has appeared in lawsuits in Texas.

4.29 Old Dominion has not contested jurisdiction in Texas.

4.30 Old Dominion has moved to transfer venue in Texas.

4.31 Old Dominion has settled lawsuits that arose in Texas.

4.32 Old Dominion has purchased insurance contracts covering goods shipped from Texas.

4.33    Old Dominion has appeared in Federal Courts in Texas.

4.34    Old Dominion has filed papers asserting that transferee Courts in Texas had jurisdiction over cases in which Old Dominion was a party.

4.35    Old Dominion from 2002 through 2016 has filed petitions or appeals seeking review or relief from Texas Appellant Courts.

4.36    Old Dominion from 2002 through 2016 has filed court papers asserting that Texas Appellate Courts have jurisdiction over cases in which Old Dominion was a party.

4.37    Old Dominion is currently involved in litigation pending in Texas Courts, other than this case.

4.38    Old Dominion is currently in litigation in Texas answering claims asserting negligence of Old Dominion or its drivers, in which Old Dominion has not raised any challenge to the Texas Court's personal jurisdiction over Old Dominion in that pending litigation.

4.39    Old Dominion has been hauled into court in Texas answering claims asserting the negligence of Old Dominion and its drivers in Texas without raising any challenge to Texas personal jurisdiction over Old Dominion.

4.40    Old Dominion gathers data in Texas to monitor their vehicles performance while in the State of Texas.

4.41    Old Dominion is registered to do business in Texas and has a registered agent for service of legal process in Texas.

4.42    Old Dominion maintains a principal office in Texas at 4834 Santa Elena, Corpus Christi, Texas 78405.

4.43    Old Dominion holds trademarks that they enforce in Texas.

4.44    Old Dominion has contractual agreements with Texas companies to use the Old Dominion trademarks in Texas.

4.45    Old Dominion owns the website www.odfl.com.

4.46    Old Dominion has the ultimate control and authority of the website mentioned in 4.45.

4.47    Old Dominion's website mentioned in 4.45 is accessible in Texas.

4.48    Old Dominion has disseminated information regarding its operations in Texas on the website mentioned in 4.45.

4.49    Old Dominion has sent notice and information to Texas investors and businesses through the website mentioned in 4.45.

4.50    Old Dominion has issued service bulletins to Texas employees and managers.

4.51    Old Dominion has issued reports to investors residing in Texas.

4.52    Based upon 4.1 through 4.51, this Court has personal jurisdiction over Old Dominion because Old Dominion is authorized to and does conduct business in the State of Texas, maintains a principal office in Nueces County, Texas, and has sufficient contacts with the State of Texas, both generally and with regards to this specific action, that the exercise of personal jurisdiction over Old Dominion is proper. Moreover, general jurisdiction is proper over Old Dominion because Old Dominion's contacts with Texas are so voluminous, continuous, and systematic that Old Dominion is essentially at home in Texas. Moreover, specific jurisdiction is proper over Old Dominion (under the stream of commerce plus theory) because Old Dominion placed the Green TT Freightliner, bearing Vin # 1FUBGKB66ELFL6902, into the stream of commerce, Old Dominion specifically serves the Texas market as a marketplace for its goods, and the accident that made the basis of this suit occurred in Texas.

## V.    JURISDICTION & VENUE

5.1    Venue is proper in Nueces County, Texas under the General Venue Rule contained in Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Defendant Old Dominion's principal office in Texas is in Nueces County, Texas. Venue is proper to Mitchell under Texas Civil Practice

and Remedies Code §15.005 since the actions against Old Dominion and Mitchell arise out of the same transaction or occurrence.

5.2  This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

5.3  In accordance with Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000. Moreover, Plaintiffs demand a judgment for all other relief to which Plaintiffs show themselves entitled to receive.

## VI.   FACTS

6.1  On or about August 18 2015, Robin McCullough was driving behind her daughter Sydney McCullough on IH-20 in Howard County on the way to Texas Tech University for Sydney's first day of college. IH-20 is a two-lane road with one lane going westbound and another heading eastbound. At approximately 8:58 A.M., Defendant Mitchell, in the course and scope of his employment with Defendant Old Dominion, was the operator of a Green TT Freightliner 18-wheeler traveling eastbound on IH-20 behind Robin McCullough.

6.2  While approaching Robin's vehicle, Mitchell failed to slow down or change lanes. Instead, Mitchell, while in the course and scope of his employment with Old Dominion, violently slammed into the back of Robin's vehicle, launching Robin forward towards her daughter Sydney's Dodge Dart.

6.3  Robin's vehicle, during this sequence, slammed into Sydney's Dodge Dart. The force of the collision between Robin and Sydney's vehicles caused Sydney's Dodge Dart to forcefully slam into the concrete barrier in the westbound lane.

6.4  As a proximate result of the collision in question, both Robin and Sydney McCullough suffered severe personal injuries and damages.

6.5  At the time of the collision, Defendant Mitchell was an employee of Defendant Old Dominion and was operating a vehicle owned and provided to him by Old Dominion.

6.6   Defendant Mitchell was cited for failing to control speed, which was determined to be the cause of the accident.

## VII.   CAUSES OF ACTION

### A.   Negligence of Defendant Glenn Mitchell

7.1   The negligence of Defendant Glenn Mitchell includes, but is not limited to, the following acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by Plaintiffs:

    a.   Failing to keep a proper lookout for vehicles on the roadway;

    b.   Failing to control speed under the circumstances;

    c.   Failing to maintain control of his motor vehicle at all times;

    d.   Failing to timely and properly apply brakes under the circumstances;

    e.   Failing to take evasive action to avoid the collision;

    f.   Failing to keep the vehicle under proper control;

    g.   Failing to operate the vehicle with due care for the safety of others, including Robin and Sydney McCullough;

    h.   Failing to follow the traffic laws of the State of Texas; and

    i.   Failing to keep a safe closing distance.

7.2   At the time of the incident in question, Glenn Mitchell was an Old Dominion employee and acting within the course and scope of his employment for Old Dominion in the furtherance of his employer's business. Therefore, pursuant to the doctrine of *Respondeat Superior*, Old Dominion is responsible for Glenn Mitchell's negligence.

7.3   In the alternative, upon information and belief, Plaintiffs specifically allege that at all relevant times, Mitchell and Old Dominion were acting in the capacities of principal-agent or master-servant for one another, were acting within the course and scope of said agency or servitude, ratified the conduct of

each other, and when acting as a principal, was negligent in the selection and hiring of each and every other as an agent and as a servant.

**B.   Negligence of Defendant Old Dominion**

7.4    At the time of the subject incident, Old Dominion was responsible for the operational safety of their vehicles and their drivers, respectively.

7.5    Plaintiffs show that at the time of the collision, Defendant Mitchell was an employee of Old Dominion and was acting within the course and scope of his employment in the furtherance of the business of his employer. As such, Defendant Old Dominion is liable and responsible to Plaintiffs for their employees' and/or agents' acts, omissions and negligence, which was a proximate cause of Plaintiffs' damages, under the legal doctrine of *Respondent Superior*.

7.6    The independent negligence of Defendant Old Dominion includes, but is not limited to, one or more of the following:

   a.   Failure to properly train its drivers and employees;

   b.   Failing to establish an adequate safety program;

   c.   Failing to adequately supervise its drivers and employees;

   d.   Failing to properly qualify its drivers and employees;

   e.   Failing to establish adequate policies and/or adequately enforce policies for its drivers and employees;

   f.   Negligently hiring, supervising, and retaining Defendant Mitchell who was unqualified, incompetent, and a careless driver and/or employee;

   g.   Failing to promulgate and enforce company policies regarding the hours of operation in accordance with Federal Standards; and

   h.   Negligently entrusting the vehicle to Defendant Mitchell when he was in violation of Federal Laws relating to the amount of rest required in between trips.

7.7     Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Old Dominion, and one or more or all of the above stated acts were the proximate causes of the injuries and severe damages to Robin and Sydney McCullough.

### C.    Gross Negligence

7.8     The foregoing acts, omissions, and/or conduct were carried out by Defendants with more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, such acts, omissions, and/or conduct were carried out with such a lack of care as to establish that they were the result of actual conscious indifferences to the rights, safety, or welfare of Plaintiffs. The conduct of Defendants Mitchell and Old Dominion, taken singularly or together, constitutes gross negligence, which was a producing cause of Plaintiffs' damages. Plaintiffs are therefore entitled to exemplary damages.

## VIII.   DAMAGES

8.1     As a producing, direct, and proximate result of the incident, injuries, and damages for which all Defendants are liable, Plaintiffs seek and are entitled to general, special, economic, and noneconomic damages, as applicable to Plaintiffs, in an amount in excess of the minimum jurisdictional limits of the court, as determined to be just and fair by the jury. Such damages include, but are not necessarily limited to:

   a.    *Personal Injury Damages*

   1. Physical pain and mental anguish in the past and future;
   2. Loss of earning capacity in the future;
   3. Loss of wages and earnings in the past;
   4. Disfigurement in the past and future;
   5. Physical impairment in the past and future;
   6. Medical care and expenses in the past and future;
   7. Loss of services in the past and future; and
   8. Loss of consortium in the past and future.

## IX. EXEMPLARY DAMAGES

9.1   As a result of the gross negligence of Defendants, they should have exemplary damages assessed against them in such an amount as the jury may find appropriate.

9.2   Such gross negligence was a proximate cause of the subject incident and the severe injuries to Plaintiffs. Plaintiffs' damages are in an amount far in excess of the minimum jurisdictional limits of this Court.

## X. JURY DEMAND

10.1   In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket. In support of their application, the appropriate jury fee has been paid to the clerk at least thirty (30) days in advance of the trial setting.

## XI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

11.1   Plaintiffs seek prejudgment and post judgment interest as allowed by law.

## XII. RULE 193.7 NOTICE

12.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice that any and all documents produced by any party will be used at any pretrial proceedings and/or at the trial in this matter.

## XIII. REQUESTS FOR DISCLOSURE

13.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ David E. Harris
David E. Harris
State Bar No. 24049273
dharris@shhblaw.com
Louie J. Cook
State Bar No. 24101191
lcook@shhblaw.com
**SICO HOELSCHER HARRIS & BRAUGH LLP**
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: (361) 653-3300
Fax: (361) 653-3333

**ATTORNEYS FOR PLAINTIFFS**